UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY WHEELER, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 08-34 |
| | * | |
| BRANDY CARBER, ET AL. | * | JUDGE FALLON |

## ORDER & REASONS

Before the Court is a Motion to Dismiss (Rec. Doc. No. 75) and a Motion for Partial Summary Judgment (Rec. Doc. No. 79), both filed by Timothy Wheeler, Tracy Wheeler, and Wildcat Investors, LLC. The Court, having reviewed the submitted memoranda and the applicable law and having heard oral arguments on the motions, is ready to rule. For the following reasons, the Motion to Dismiss is denied, and the Motion for Partial Summary Judgment is granted.

**I.      BACKGROUND**

This case arises out of a series of contracts to purchase and sell condominiums in Baton Rouge, Louisiana, in 2007. Defendant Property Partners, Inc., d/b/a Re/Max ("Re/Max") and one of its agents, Defendant Brandy Carber, facilitated two contracts between Plaintiffs, the Wheelers and Wildcat Investors, LLC ("the Wheelers"), and two related entities, Juban Courts, LLC ("Juban") and The Cottages at Blue Heron Lakes, LLC ("Cottages"), by which the Wheelers would purchase twenty-four condominiums from Juban and Cottages. Although these contracts fulfilled the Wheelers' objectives, they allege that the Defendants induced them to purchase an additional thirty condominiums from Juban and Cottages by promising that the

1

Wheelers would be able to "flip" the additional condominiums to a third party, Worldwide International Investors, LLC ("Worldwide"). When Worldwide did not close on its deal to buy the condominiums from the Wheelers, they were left unable to finance the purchase from Juban. Juban initiated a breach of contract action against the Wheelers in another Middle District suit, *Juban Courts, LLC v. Wheeler, et al.*, now consolidated with this suit.

The Wheelers allege that Defendants Re/Max and Carber were negligent in that they breached the standard of care for real estate agents by failing to fully investigate the viability and credibility to WorldWide, inducing the Wheelers to undertake risks inconsistent with their stated investment objectives, and failing to include appropriate contingencies in the purchase agreements with Juban. Furthermore, the Wheelers allege that Defendants breached duties of care, loyalty, and good faith, which constitute a breach of the contractual obligations to the Wheelers. Finally, the Wheelers allege that they are entitled to indemnification from Defendants in the suit filed against them by Juban.

Defendant Re/Max has answered and denied liability. Defendant Re/Max further asserts that Defendant Brandy Carber was the only individual with whom the Wheelers dealt regarding the condominium sales, and that, because she is an independent contractor, they are not liable for her actions. Ms. Carber has also answered and denied liability. Since filing her answer, Ms. Carber has filed a bankruptcy petition and has therefore been excused from this suit.

## II. PENDING MOTIONS

The Wheelers have now filed two motions. The main contentions are summarized below.

**A. Motion for Partial Summary Judgment, filed by Timothy Wheeler, Tracy Wheeler, and**

**Wildcat Investors, LLC (Rec. Doc. No. 79)**

The Wheelers have filed a Motion for Partial Summary Judgment against Juban. The Wheelers argue that eight of the twenty-six agreements at issue, signed on February 9, 2007, are unenforceable. The Wheelers argue that these eight contracts suffer from the same defect that caused the Court to find six contracts unenforceable on March 27, 2012.[1] By the same reasoning the Court used in that Order and Reasons, the Wheelers assert, the Court should hold these eight contracts unenforceable as well. Echoing their previous argument for partial summary judgment, the Wheelers assert that the signature pages of the eight contracts are photocopies attached to purchase agreements that detail the eight different condominium units to be purchased. As a result, he Wheelers contend, the contracts should be found unenforceable.

Juban has filed an opposition to the Wheelers's motion in which it argues that there remain disputed factual issues concerning the eight purchase agreements. Juban offers two arguments substantially similar to those it made in response to the Wheelers's previous Motion for Partial Summary Judgment. First, Juban contends that the contracts are enforceable because both offer and acceptance were present. Juban argues that the Wheelers made a valid offer. According to Juban, Dr. Wheeler revealed in his deposition testimony that he did not care how many units he was going to purchase, and that the Wheelers relied on their real estate agent, Brandy Carber, to select the units to be purchased before she faxed the signed contracts back to Juban. Juban asserts that the unit details were added after signature not by Juban's

---

[1] The Wheelers explain that they failed to bring these eight contracts to the Court's attention in the previous Motion for Partial Summary Judgment because Defendant Re/Max only produced color copies of the February 9, 2007, agreements after the Court's ruling on the Motion. It is these color copies, the Wheelers contend, that are the evidence that supports this Motion.

representative, but by the Wheelers' representative. As a result, Juban argues, it is irrelevant that the units were not specified at the time Dr. Wheeler signed the contracts on behalf of the Wheelers. In the alternative, Juban argues that even if the Court finds that the Wheelers' offer was not valid, the contracts are still enforceable because Juban's execution of the fully completed contracts constituted a counter-offer that was accepted by the Wheelers. Citing Louisiana Civil Code article 1837, Juban argues that this Court should find an enforceable contract created by the agreement, signed by Juban, and the Wheelers' "outward manifestation of assent." Juban argues that two pieces of evidence show the Wheelers' intent to bind itself to the contracts: (1) Dr. Wheeler's attempt to cancel the purchase agreements after signing them, and (2) Dr. Wheeler's attempt to procure financing even after notice that the cancellation was rejected by Juban.

**B. Motion to Dismiss, filed by Timothy Wheeler, Tracy Wheeler, and Wildcat Investors, LLC (Rec. Doc. No. 75)**

The Wheelers have also filed a Motion to Dismiss all detrimental reliance claims filed by Juban. The Wheelers contend that Juban has attempted to refashion its breach of contract claims, including those subject to the Court's summary judgment order on March 27, 2007, as detrimental reliance claims. According to the Wheelers, because Louisiana requires that contracts for immovable property be in writing, Juban's reliance on the agreements was unreasonable as a matter of law. Therefore, the Wheelers argue, Juban has not presented a plausible claim for detrimental reliance.

Juban has filed an opposition to this motion. Juban argues that its claims should not be dismissed because detrimental reliance does not require a formal, valid, and enforceable

4

contract. Juban asserts that, although some of the relevant contracts have been held unenforceable since the litigation began, at the time the contracts were signed, Juban believed that it had a written contract for property purchase. Accordingly, Juban argues that its reliance on the agreements was reasonable, and that it has presented plausible detrimental reliance claims.

**III.     LAW & ANALYSIS**

**A.  Motion for Partial Summary Judgment, filed by Timothy Wheeler, Tracy Wheeler, and Wildcat Investors, LLC (Rec. Doc. No. 79)**

        **1. Standard of Review**

A district court can grant a motion for summary judgment only when the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995) (citing Fed.R.Civ.P. 56(e); Celotex Corp. v.

5

Catrett, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. See *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50 (internal citations omitted).

### 2. Analysis

W&W has moved for summary judgment on the issue of the enforceability of the eight contracts signed on February 9, 2007. Both parties offer the same arguments presented regarding the enforceability of the six contracts signed on March 28, 2007. The Court held that those contracts were unenforceable in its Order and Reasons dated March 27, 2012.

Regarding the instant motion, the only possible difference between the contracts signed February 9, 2007 and the contracts signed March 28, 2007, is that it is unclear whether the February contracts are eight photocopies of one signed original purchase agreement, or eight signed original purchase agreements. In either case, the agreements were blank with respect to the information necessary -- namely, the specific condominiums and the prices to be paid -- for valid contracts to purchase real property. Therefore, the potential difference between the February 9, 2007, and the March 28, 2007, contracts does not affect the Court's analysis. Accordingly, the Court holds that the eight contracts at issue in the instant motion are unenforceable for the reasons articulated in its Order and Reasons dated March 27, 2012 (Rec. Doc. No. 54).

**B. Motion to Dismiss, filed by Timothy Wheeler, Tracy Wheeler, and Wildcat Investors, LLC (Rec. Doc. No. 79)**

### 1. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "This requirement holds true even for pro se litigants." *Roque v. Jazz Casino Co. LLC*, 2010 WL 2930876, at *3 (5th Cir. July 22, 2010).

**2. Analysis**

Louisiana Civil Code article 1967 creates a claim for detrimental reliance. It states that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code art. 1967. The Louisiana Supreme Court has explained that in order to prevail on a detrimental reliance claim, a claimant needs to establish (1) a representation by conduct or word, (2) justifiable reliance, and (3) a change in position to one's detriment because of the reliance. *See Suire v. Lafayette City-Parish Consolidated Gov't*, 907 So.2d 37, 59 (La. 2005).

In the instant case, the Wheelers argue that Juban has not satisfied the second element of detrimental reliance. The Wheelers assert that Juban's alleged reliance cannot, as a matter of law, be reasonable, due to Louisiana's requirement that contracts for property be in

7

writing. According to the Wheelers, a detrimental reliance claim is trumped by the requirement for a valid written contract, and because the Court has held that several of the contracts are unenforceable, Juban cannot assert a detrimental reliance claim. The Wheelers contend that if the Court allows Juban to assert detrimental reliance claims despite the lack of valid contracts, it will create a legal loophole in which invalid contracts to purchase property can be upheld despite the strict requirements set forth in the Louisiana Civil Code. *See* LA. CIV. CODE ANN. art. 1839 (1984) ("A transfer of immoveable property must be made by authentic act or by act under private signature."); LA. CIV. CODE ANN. art. 1833 (1984) (explaining the requirements of an authentic act, including a writing, two witnesses, and the presence of a notary public).

This reasoning, however, is not persuasive. The Court has held that fourteen of the purchase agreements are unenforceable. At the time they were signed, however, no court had yet found the contracts unenforceable. Viewing the facts in the light most favorable to the plaintiff, it is plausible that Juban believed that the contracts were valid and enforceable when he incurred costs as a result of his reliance on them.

Furthermore, allowing Juban's detrimental reliance claims will not resurrect the unenforceable contracts. The Wheelers' argument in this respect ignores the language of Article 1967 itself. The provision creates a cause of action for detrimental reliance, and it also addresses the potential relief: "Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise." LA. CIV. CODE ANN. art. 1967 (1984). A successful detrimental reliance claim need not result in specific performance; the Court may instead award a plaintiff damages. The amount of damages may also be limited to those that a plaintiff can prove, and an amount in excess of the contract price would be prevented by the

"justifiable reliance" factor of the *Suire* test. As a result, the Court is not persuaded that allowing Juban's detrimental reliance claims will result in the formal requirements for a contract for immovable property being rendered moot.

The Louisiana Supreme Court has held that a successful detrimental reliance claim does not require "proof of a formal, valid, and enforceable contract." *Id.* Indeed, this conclusion conforms to logic: if detrimental reliance could only apply to contracts that are valid and enforceable, it would be duplicative of a breach of contract claim. Therefore, the Court does not find that Juban's reliance on the contracts was unreasonable because some of the agreements have been found to be unenforceable.

The cases cited by the Wheelers, upon further inspection, are inapplicable to this case. In *John W. Stone Oil v. River Oaks Contractors & Developers*, 986 So. 2d 103 (La. App. 5 Cir. May 27, 2008), the court rejected a plaintiff's attempt to use Article 1967 to avoid the writing requirement for a contract to purchase property. In this case, however, Juban relied not on an oral promise to purchase property, but rather on written contracts that have since been declared unenforceable. Similarly, in *Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Insurance Company*, 376 F.3d 399, 403 (5th Cir. 2004), the Fifth Circuit held that a plaintiff's reliance on promises made outside of an unambiguous, fully-integrated agreement was unreasonable as a matter of law. Juban, by contrast, is not claiming to have relied on oral promises that would change or contradict the purchase agreements; Juban alleges reliance on the contracts themselves.

Finally, the Wheelers cite *Morris v. Friedman*, 663 So. 2d 19 (La. 1995), for the proposition that the positive legal requirement of a written contract must prevail over the

equitable claim of detrimental reliance. *Morris*, 663 So.2d at 24-25. In this case, however, there existed a written agreement between Juban and the Wheelers. Furthermore, the Wheelers neglect to mention that the facts of *Morris* pre-dated the adoption of Article 1967, and the Louisiana Supreme Court held that Article 1967 should not be applied retroactively. *Id.* at 24. Therefore, the *Morris* opinion purposely ignores the codified detrimental reliance claim created by Article 1967. As a result, its holding is distinguishable from this case, in which the events occurred well after the adoption of Article 1967.

Therefore, Juban's reliance on the agreements was reasonable despite the fact that the contracts have since been deemed unenforceable. As a result, Juban has alleged plausible detrimental reliance claims regarding the twenty-six purchase agreements. Accordingly, the Wheelers' motion to dismiss is denied.

**IV.      CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Rec. Doc. No. 79), filed by Timothy Wheeler, Tracy Wheeler, and Wildcat Investors, LLC, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Rec. Doc. No. 75), filed by Timothy Wheeler, Tracy Wheeler, and Wildcat Investors, LLC, is hereby **DENIED**.

New Orleans, Louisiana, this 15th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE